UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRIS WENDELBERGER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE LUFTHANSA AG,<br><br>Defendant. | Case No. 18-cv-01055-PJH<br><br>**ORDER DISMISSING CASE WITH PREJUDICE AND DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 13, 19 |

Before the court are defendant Deutsche Lufthansa AG's ("Lufthansa") motions to dismiss (Dkt. 13) and for sanctions (Dkt. 19). The matters are fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for May 30, 2018 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

Considering the motion to dismiss, the court recounts the facts as pled by plaintiffs. Plaintiffs Iris Wendelberger ("Iris") and Rüdiger Wendelberger ("Rüdiger") are husband and wife. Compl. ¶ 1. On September 5, 2017, plaintiffs were ticketed passengers aboard Lufthansa Flight 422 (the "Flight"), operated by Lufthansa, which departed Frankfurt Airport in Germany on that date and landed in Boston, Massachusetts. Compl. ¶ 3; Dkt. 13 at 1. Plaintiffs allege that Iris was injured on that flight, and they bring a claim against defendant under the Convention for the Unification of Certain Rules for International Carriage by Air Done at Montreal on 28 May 1999 (the

"Montreal Convention"). Compl. at 1 (citing ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734).

Lufthansa is a corporation with its principal business offices in Germany, and it operates an airline that makes regularly-scheduled flights between the United States and numerous international airports pursuant to a license issued by the Foreign Air Carrier Licensing Division of the United States Department of Transportation. Compl. ¶ 2.

During the course of the Flight, a cup containing scalding hot liquid that had been served to Iris by a flight attendant slid off of a seatback tray and onto Iris's abdomen, where its contents spilled onto her clothing and skin, causing serious burn injuries. Compl. ¶ 5. The spill was caused by a seatback tray that had been rendered defective by improper maintenance, such that it slanted toward the passenger using it and did not present a level surface. Compl. ¶ 6. As a result of those injuries, Iris now has permanent scarring on her body that has caused her mental distress and embarrassment. Compl. ¶ 7. As a result of the burn injuries suffered by Iris, Rüdiger has suffered loss of companionship, loss of spousal services and loss of consortium. Compl. ¶ 10.

Defendant shows, and plaintiffs do not dispute, that plaintiffs were traveling pursuant to contracts of carriage with Lufthansa that provided for round-trip carriage from Vienna, Austria, to Boston, Massachusetts, and back to Vienna, with layovers in Frankfurt, Germany. Dkt. 13–1 ("Russo Decl.") ¶ 10, Ex. A. Plaintiffs were scheduled to travel on Lufthansa Flight LH 1233 on September 5, 2017 from Vienna to Frankfurt; Lufthansa Flight LH 422 on September 5, 2017 from Frankfurt to Boston; Lufthansa Flight LH 423 on September 20, 2017 from Boston to Frankfurt; and Lufthansa Flight LH 6332 on September 21, 2017 from Frankfurt to Vienna. Id. Lufthansa's records indicate that plaintiffs purchased their tickets on Lufthansa.com in Austria. Id. at ¶ 9, Ex. A.

Plaintiffs filed their complaint in the Northern District of California. After the filing, defendant's counsel asked plaintiffs' counsel to explain plaintiffs' jurisdictional basis to bring the claims in the United States. Dkt. 20 ("Cunningham Decl.") ¶ 6, Ex. A. Plaintiffs' counsel replied stating that a Sixth Circuit case questioned the applicability of Warsaw

2

Convention case law to the Montreal Convention and that if this court rejected plaintiffs' arguments, plaintiffs would appeal unless the parties settled. Id. at ¶ 7, Ex. B. The parties exchanged subsequent letters.

**DISCUSSION**

**A.   Legal Standard**

**1.   Subject Matter Jurisdiction**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court. See Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039–40 (9th Cir. 2003). Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). As such, federal courts are presumed to lack jurisdiction in a particular case "unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). Although lack of subject matter jurisdiction is an affirmative defense, the burden of proof in a 12(b)(1) motion is on the party asserting jurisdiction, and the court will presume a lack of jurisdiction until the pleader proves otherwise. Kokkonen, 511 U.S. at 377; Stock West, 873 F.2d at 1225; Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Federal district courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate. Mims v. Arrow Financial Services, LLC, 565 U.S. 368, 376–77 (2012); see also Chen–Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992) ("[f]ederal courts have no power to consider claims for which they lack subject-matter jurisdiction").

A jurisdictional challenge may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. Id.; see also Warth v. Seldin, 422 U.S. 490, 501 (1975).

## 2. Rule 11 Sanctions

Federal Rule of Civil Procedure 11 imposes upon attorneys a duty to certify that they have read any pleadings or motions they file with the court and that such pleadings and motions are well-grounded in fact, have a colorable basis in law, and are not filed for an improper purpose. Fed. R. Civ. P. 11(b); see also Business Guides, Inc. v. Chromatic Comm. Enters., Inc., 498 U.S. 533, 542 (1991). Rule 11 authorizes sanctions for its violation and serves "to deter baseless filings in district court and thus . . . streamline the administration and procedure of federal courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). Sanctions for violating Rule 11 can include an award of attorneys' fees. Fed. R. Civ. P. 11(c)(4); Cooter, 496 U.S. at 406–07.

"[S]anctions must be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.' The word 'frivolous' . . . denote[s] a filing that is both baseless and made without a reasonable and competent inquiry." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (citation omitted). "[A] determination of improper purpose must be supported by a determination of frivolousness when a complaint is at issue." Id.

Courts "exercise extreme caution in sanctioning attorneys under Rule 11, *particularly* where such sanctions emerge from an attorney's efforts to secure the court's recognition of new rights." Larez v. Holcomb, 16 F.3d 1513, 1522 (9th Cir. 1994). "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously. Forceful representation often requires that an attorney attempt to read a case or an agreement in an innovative though sensible way. Our law is constantly evolving, and effective representation sometimes compels attorneys to take the lead in that evolution. Rule 11 must not be turned into a bar to legal progress. . . . The simple fact that an attorney's legal theory failed to persuade the district court 'does not demonstrate that [counsel] lacked the requisite good faith in attempting to advance the law.' Rather, we reserve sanctions for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought

4

for an improper purpose." Operating Eng'rs. Pension Tr. v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988) (citation omitted) (quoting Hurd v. Ralphs Grocery Co., 824 F.2d 806, 811 (9th Cir. 1987)).

Rule 11 "does not require that counsel differentiate between a position which is supported by existing law and one that would extend it." Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1539 (9th Cir. 1986).

The party seeking sanctions bears the burden of demonstrating by clear and convincing evidence that sanctions are justified. In re Zilog, Inc., 450 F.3d 996, 1007 (9th Cir. 2006); Tom Growney Equip., Inc. v. Shelley Irrigation Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987).

**B.  Analysis**

The court considers defendant's motions to dismiss for lack of jurisdiction and for Rule 11 sanctions.

**1.  Jurisdiction**

Defendant argues that United States courts do not have subject matter jurisdiction to hear this claim under the Montreal Convention and that this court does not have personal jurisdiction over Lufthansa in connection with this case. Dkt. 13 at 1–2.

"Questions of jurisdiction and procedure . . . are governed by Article 28" of the Warsaw Convention and Article 33 of the Montreal Convention. Hosaka v. United Airlines, Inc., 305 F.3d 989, 994–96 (9th Cir. 2002). Article 33 of the Montreal Convention was adopted from Article 28 of the Warsaw Convention. The article was left largely intact by the Montreal Convention, with minor changes in the body and the addition of the word "Jurisdiction" to the title. On this, the parties agree. Dkt. 17 at 6 ("Article 33 was imported virtually verbatim from the Warsaw Convention's Article 28."); Dkt. 13 at 9 n.2 ("The text of Article 28(1) of the Warsaw Convention is virtually identical to the text of Article 33(1) of the Montreal Convention").

"Accordingly, in interpreting the Montreal Convention, courts have routinely relied upon Warsaw Convention precedent where the equivalent provision in the Montreal

5

Convention is substantively the same." Narayanan v. British Airways, 747 F.3d 1125, 1127 n.2 (9th Cir. 2014); accord Phifer v. Icelandair, 652 F.3d 1222, 1224 n.1 (9th Cir. 2011) (applying Warsaw Convention jurisprudence where "any differences between the provisions are immaterial"); Thede v. United Airlines, Inc., Case No. 17-cv-03528-PJH, 2018 WL 1569836, at *2–3 (N.D. Cal. Mar. 30, 2018); Schoenebeck v. Koninklijke Luchtvaart Maatschappij N.V., Case No. 13-cv-04992-SI, 2014 WL 1867001, at *3 (N.D. Cal. May 8, 2014); Smith v. Am. Airlines, Inc., Case No. 09-cv-02903-WHA, 2009 WL 3072449, at *2 (N.D. Cal. Sept. 22, 2009) ("most provisions of Montreal and Warsaw Conventions are substantially the same, and, as a result, the legal precedents developed under the Warsaw Convention still apply to the Montreal Convention").

In Smith v. Canadian Pac. Airways, Ltd., the Second Circuit held that if jurisdiction under Article 28 of the Warsaw Convention "does not lie, federal jurisdiction under 28 U.S.C. § 1331(a) . . . clearly cannot be established[.]" 452 F.2d 798, 800 (2d Cir. 1971). The Ninth Circuit has adopted that reasoning. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818–19 (9th Cir. 1995) (affirming dismissal of claim under Warsaw Convention "for lack of subject matter jurisdiction" where the "place of destination" was in Canada, not the United States). Courts in the Northern District of California apply the same logic. In re Air Crash at San Francisco, California, on July 6, 2013, Case No. 14-cv-02038, 2017 WL 3484643 (N.D. Cal. August 14, 2017) ("United States courts lack subject matter jurisdiction over a passenger's claims unless the passenger can show that at least one of the five territories listed above is in the United States."); Hornsby v. Lufthansa German Airlines, 593 F. Supp. 2d 1132, 1135–36 (C.D. Cal. 2009) ("Under the terms of the Convention, this remedy can be pursued only in certain jurisdictions; if the United States is not one of these jurisdictions under the particular facts of this case, than [sic] this Court does not have treaty jurisdiction, and must dismiss the matter for lack of subject matter jurisdiction."); Poddar v. Singapore Airlines, LTD., No. CV0110333GAFRCX, 2004 WL 5642000, at *2 (C.D. Cal. July 8, 2004) (granting motion to dismiss under Rule 12(b)(1) "because the Warsaw Convention applies to this action,

the Court may not exercise 'treaty' jurisdiction unless jurisdiction is proper under Article 28(1), which it is not.").[1]

The court must determine whether Article 33 of the Montreal Convention establishes subject matter jurisdiction over plaintiffs' claims. Defendant argues that the destination under Article 33 is the place of both origin and destination when booking a round-trip ticket. Plaintiffs ask the court to reject the precedent compelling that result.

In the Ninth Circuit, "the intention of the parties as expressed in the contract of transportation, i.e., the ticket or other instrument, determines the final destination. Such contracts should be interpreted according to the objective, rather than the subjective, intent of the parties." Sopcak, 52 F.3d at 819 (citing Swaminathan v. Swiss Air Transport Co., 962 F.2d 387, 389 (5th Cir. 1992) ("When a person purchases a roundtrip ticket, there can be but one destination, where the trip originated."); Petrire v. Spantax, S.A., 756 F.2d 263, 265 (2d Cir. 1985)); see also Petrire, 756 F.2d at 264 ("Where one carrier issues two ticket booklets for a round-trip journey, . . . the 'destination' for purposes of the Treaty's jurisdictional provision [is] the designated ending point of the round-trip journey")).

The "place of destination" for a "single operation of undivided transportation" is the ultimate destination. Petrire, 756 F.2d at 266 (internal quotations omitted). A mere "agreed stopping place" does not constitute the "place of destination" because a "single, undivided transportation has only one beginning and one end ... [this seems] logically clear." In re Alleged Food Poisoning Incident, Mar., 1984, 770 F.2d 3, 6–7 (2d Cir. 1985); accord Klos v. Lotnicze, 133 F.3d 164, 167 (2d Cir. 1997) ("This Court has held numerous times that the place of final destination for purposes of jurisdiction under the Warsaw Convention is the return city appearing on a round-trip ticket. . . . [The

---

[1] Plaintiffs argue that two Supreme Court cases require a contrary result. They do not. Reed Elsevier, Inc. v. Muchnick held that the requirement that a copyright be registered is an "element of a cause of action" rather than a jurisdictional limitation under the Copyright Act. 559 U.S. 154, 161 (2010). Arbaugh v. Y&H Corp., 546 U.S. 500 (2006) had a similar holding with respect to a provision of the Civil Rights Act.

7

1 argument] that jurisdiction could be based on an interim city appearing on a round-trip

2 ticket . . . [has been] consistently rejected."); Gayda v. LOT Polish Airlines, 702 F.2d 424,

3 425 (2d Cir. 1983) (per curiam).

4 Here, based on the "objective facts of the ticketing," there was "a single operation

5 of undivided transportation." Petrire, 756 F.2d at 266 (internal quotations omitted.)

6 Defendant avers and plaintiffs do not contest that plaintiffs were traveling on contracts of

7 carriage with Lufthansa that provided for round-trip carriage from Vienna to Boston and

8 back, with layovers in Frankfurt. Russo Decl. ¶ 10, Ex. A. Here, the place of destination

9 for plaintiffs' round-trip fare was Vienna, Austria.

10 Plaintiffs cite Narayanan v. British Airways, 747 F.3d 1125, 1126 (9th Cir. 2014)

11 and Cattaneo v. Am. Airlines, Inc., Case No. 15-cv-01748-BLF, 2015 WL 5610017 (N.D.

12 Cal. Sept. 24, 2015) for the proposition that the "destination" under the Montreal

13 Convention's statute of limitations provision—a provision not at issue in this case—

14 relates to a particular aircraft, or a particular leg of a flight. But the facts of Cattaneo lend

15 no support to plaintiffs' argument. In that case, "Plaintiff's injuries occurred during the

16 second leg of the return flight"—the fight to both the origin and "destination" of a round-

17 trip itinerary. 2015 WL 5610017 at *1. A finding that the final leg of a round-trip itinerary

18 terminates at the "destination" comports perfectly with the established jurisdictional

19 precedent as applied in this order. The Narayanan case is also inapposite. That opinion

20 did not discuss the question at issue here: which flight leg constitutes the correct

21 "destination" of a round-trip ticket. In fact, the court did not even address whether there

22 was a round-trip ticket at issue in the case at all. Furthermore, even if a round-trip ticket

23 was at issue and the panel simply declined to specify that detail, that fact would have

24 been immaterial to the holding of the case.[2] Given the above, this court does not read

---

[2] That court applied a two-year limitations period running from a December 26, 2008 flight, which ended in December 26, 2010. Even if the ticket were a round-trip ticket, the statute of limitations would have run on January 16, 2011 if based on the return flight. Plaintiffs filed suit March 7, 2011—after the statute of limitations as calculated from either flight's date.

8

the Narayanan panel to have so casually contravened the controlling precedent of Sopcak, 52 F.3d at 819.

The court finds that it does not have subject matter jurisdiction over plaintiffs' claim. As such, the case must be DISMISSED, and the court does not assess whether it has personal jurisdiction over Lufthansa. Because this court cannot assert subject matter jurisdiction over the case based on any modified complaint plaintiffs could plausibly file, the complaint it DISMISSED WITH PREJUDICE.

### 2. Rule 11 Sanctions

"[S]anctions must be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.' The word 'frivolous' . . . denote[s] a filing that is both baseless and made without a reasonable and competent inquiry." Townsend, 929 F.2d at 1362 (citation omitted). "[A] determination of improper purpose must be supported by a determination of frivolousness when a complaint is at issue." Id. So, a court cannot find that a non-frivolous complaint was filed for an improper purpose. Id.

Plaintiffs make legal arguments at odds with the great weight of precedent. Under controlling law, this court cannot reach the outcomes plaintiffs seek. Moreover, plaintiffs' support for many of its arguments is, put generously, strained. For example, plaintiffs base parts of their arguments on an uncertified translation of the Warsaw Convention—apparently copied and pasted from Google Translate—which they argue without competent support is superior to the "unofficial" translation they claim was contemporaneously filed with the United Nations.[3]

However, plaintiffs point to a Sixth Circuit case that they claim supports their legal arguments. In Doe v. Etihad Airways, 870 F.3d 406 (6th Cir. 2017), the Sixth Circuit analyzed the Montreal Convention text as a matter of first impression—rather than relying

---

[3] Plaintiffs do not address "the official English translation of the [Warsaw] Convention, which was before the Senate when it consented to ratification of the Convention in 1934." Olympic Airways v. Husain, 540 U.S. 644, 649 (2004) (citing 49 Stat. 3014; Air France v. Saks, 470 U.S. 392, 397 (1985)).

9

on Warsaw Convention precedent—where the operative Montreal Convention provision turned on a phrase "not found in the Warsaw Convention (either in English or in the official French version)[.]" Etihad Airways, 870 F.3d at 414. That case interpreted a Montreal Convention provision according to its "plain meaning" in a way that differed from cases interpreting a related "ambiguous" provision in the Warsaw Convention. Id. at 415–16.

Here, plaintiffs ask the court to ignore Warsaw Convention precedent and approach the Montreal Convention's nearly-identical text as a matter of first impression. Given the court's hesitance to chill vigorous advocacy and Rule 11(b)(2)'s allowance for legal argument to reverse existing law or establish new law, and given the Sixth Circuit's entertainment of related arguments (albeit in a substantially different context), the court finds that defendant has not shown by clear and convincing evidence that plaintiffs' complaint is frivolous under Rule 11. The court declines to impose sanctions.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED WITH PREJUDICE and its motion for sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: 5/25/2018

_____
PHYLLIS J. HAMILTON
United States District Judge